UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PAOLO LORINO INCHAUSTEGUI,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-06879-DC-CKD (HC)<br><br><u>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 2) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by the petition. (Doc. No. 1 at 10–13.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral

arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On August 31, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc. No. 4.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On September 2, 2026, Respondents filed an opposition and amended opposition to Petitioner's motion for temporary restraining order. (Doc. Nos. 6, 7.) Although Respondents first asserted that Petitioner was mandatorily detained pursuant to 8 U.S.C. § 1225(b)(1) and entitled to no relief, Respondents soon thereafter changed their position to argue that Petitioner is actually detained under 8 U.S.C. § 1226(a) and is entitled to a post-deprivation bond hearing if he requests one. (Doc. Nos. 6, 7.) Respondents' lack of consistency as to the basis for Petitioner's detention is concerning and poses constitutional concerns. This is especially true here, where the purported reason for the inconsistency and change in position by Respondents in their amended opposition was that their counsel initially lacked knowledge that 8 U.S.C. § 1226(a) was the basis for detention and they recently received documents that "clarified the detention authority"—but the § 1226(a) grounds for Petitioner's detention were evident and included in Respondents' original opposition, and yet they argued the basis for detention was 8 U.S.C. § 1225(b)(1). (Doc. No. 6); *See, e.g., Ere v. Warden*, No. 1:26-cv-01530-DC-CKD, Doc. No. 18 (E.D. Cal. Apr. 6, 2026) (ordering immediate release where the petitioner demonstrated a likelihood of success on the

merits of his claim that his continued detention violated his right to due process where the respondents' inability to articulate the basis for the petitioner's detention suggested that the petitioner was indeterminately detained with no opportunity to contest the lawfulness of his detention). Respondents' filings show that Petitioner was previously released on parole in 2023, and he appears to have possibly been released again in March 2026. (Doc. Nos. 6 at 19, 25–26; 7 at 14, 30–36.) Indeed, Respondents acknowledge that the facts presented here do "not substantially differ from . . . the cases cited by this court in its minute order." (Doc. No. 7 at 1.) Moreover, Respondents further indicate that they "do[] not oppose the Court ruling on the habeas petition without further briefing." (*Id.*) Given that Petitioner is proceeding *pro se* and the court will be granting the relief he seeks, the court will not await the filing of a reply by Petitioner as that would delay the relief he seeks in his petition.

Because Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 2) and petition for writ of habeas corpus (Doc. No. 1) as to Petitioner's due process claims for the reasons set forth in the court's order in *Altin*.[1] Further, as the court found in *Altin*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's immediate release. *Id.* at 12–13.

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

    a. Petitioner Ricardo Paolo Lorino Inchaustegui (A-246-825-085) shall be RELEASED IMMEDIATELY from Respondents' custody with the same

[1] Because the court is granting the petition on the due process claim, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

conditions he was subject to immediately prior to his detention on July 27, 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

c. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

2. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 3, 2026**

Dena Coggins
United States District Judge